IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEY BANK, NATIONAL ASSOCIATION,   )<br>    Plaintiff,                                 )<br>                                          )<br>v.                                           )<br>                                         )<br>CLARKE COUNTY HEALTHCARE, LLC,   )<br>*et al.*,                                        )<br>    Defendants.                         ) | CIVIL ACTION 15-00151-KD-B |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Resurgence Health Group, LLC. (Doc. 33). Plaintiff seeks entry of a default judgment against Defendant Resurgence because it has failed to plead, answer or otherwise defend in this case.

**I.    Background**

On June 5, 2006, Resurgence Health Group, LLC (a Georgia LLC) (Resurgence) executed a Guaranty, covering a Master Lease Agreement (agreement) simultaneously executed between General Electric Capital Corporation (GE) and Clarke County Hospital (Clarke) for the lease of a Philips 16-slice CT Scanner with Bone Density Package and Medrad Injector (equipment). (Doc. 1-1; Doc. 33-1 (Aff. Barnes)[1]). On August 16, 2006, the equipment was accepted by Clarke and certified as properly delivered and installed. (Doc. 33-1 (Aff. Barnes)).

Pursuant to the agreement, Clarke agreed to make monthly payments of $9,538.92 for 60 months, starting on May 15, 2006. (Doc. 1-1). Additionally, GE could assign the Guaranty without the Guarantor's consent as well as proceed against the Guarantor by suit or otherwise collect monies due/guaranteed with or without notice/demand, with or without joinder of Clarke. (Id.) On February 1, 2009, Clarke defaulted on the Agreement by failing to make payments as required

---

[1] Litigation Coordinator for Plaintiff.

1

and further failed to make payments as scheduled on January 1, 2010, May 1, 2010, June 1, 2010 and July 1, 2010.  (Doc. 1-4 at 2).

On July 27, 2010 GE assigned its interest in the agreement to Plaintiff.  (Doc. 33-1 (Aff. Barnes)).  On July 29, 2010, Plaintiff sent Clarke a Notice of Right to Cure Default by paying the amount due of $37,821.48 within 21 days, or all remaining payments would be accelerated and the process of repossession of the equipment may be initiated.  (Id.)  Plaintiff also informed Clarke that it would be responsible for any collection fee costs, repossession fees, costs and reasonable attorneys' fees/costs.  (Id.)  Clarke did not cure the default within the timeframe allotted.  On September 21, 2010, Plaintiff accelerated the debt, declared the agreement to be in default, and demanded $237,784.94 as due and owing within 10 days.  (Id.; Doc. 1-5).  Plaintiff then repossessed the equipment.  (Doc. 33-1 (Aff. Barnes)).  On April 8, 2011, Plaintiff sent Clarke notice of intent to sell the equipment it had repossessed, by private sale, notifying Clarke of a right to redeem via payment of $211,885.94 plus costs.  (Id.; Doc. 1-6).  Clarke did not exercise its right to redeem the equipment before it was sold.  (Doc. 33-1 (Aff. Barnes)).  On January 8, 2015, Plaintiff issued a Notice of Deficiency to Clarke, demanding payment of $98,487.08 within ten days (the amounts due after the equipment had been sold – an offset).  (Doc. 1-7).  Clarke made no payments.  (Doc. 33-1 (Aff. Barnes)).

Under the terms of the Guaranty associated with the agreement, Plaintiff (as GE's assignee) may proceed against the Guarantor – Resurgence – to collect the amounts due from Clarke.  (Doc. 33-1 (Aff. Barnes); Doc. 33-2).  Plaintiff contends that based on the Guaranty, Resurgence guaranteed payment to GE and its assignees without set-off or counterclaim, as well as waived notice of Acceptance of Guaranty and any notice of default on behalf of Clarke.  (Id.)  Plaintiff adds that Resurgence also irrevocably and unconditionally waived all statutory, contractual, common law,

equitable and other claims against Clarke or its assets by reason of any amounts paid or collected or due.  (Id.)  Plaintiff asserts that Resurgence guaranteed payment of all losses, costs, reasonable attorneys' fees and expenses arising due to Clarke's default or its own default.  (Id.)  As such, Plaintiff demanded payment of Clarke's debt as guaranteed by Resurgence; Resurgence refused to pay.  (Doc. 33-1 (Aff. Barnes)).  On March 20, 2015, Plaintiff sued Resurgence for breach of guaranty.  (Doc. 1).  Plaintiff seeks recovery of **$98,487.08** plus accruing interest.

Resurgence was served on June 25, 2015 via service on CT Corporation System, 1201 Peachtree Street NE, Atlanta, GA, 30361, its registered agent.  (Docs. 19, 24).  Plaintiff asserts that Resurgence has failed to timely plead or otherwise defend.  (Docs. 24-1 (Decltn. Fleming), 24-2, 33).  Plaintiff adds that the State of Georgia has not administratively dissolved Resurgence and it remains listed on the Georgia Secretary of State corporate database as an "Active/noncompliance" business.  (Docs. 24-1 at 2, 24-2, 24-3).  On July 17, 2015, Plaintiff requested entry of a Clerk's default against Resurgence for its failure to plead or defend.  (Doc. 24).  On July 21, 2015, the Clerk entered a Rule 55(a) Default against Resurgence.  (Doc. 25).  On August 25, 2015, Plaintiff moved for a default judgment against Resurgence.  (Doc. 33).

## II.   Standard of Review

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment.  Fed.R.Civ.P. 55.  If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed.R.Civ.P. 55(a).  After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default judgment.  Fed.R.Civ.P. 55(b)(1).  In all other circumstances, such as here, "the party must apply to the court for a default judgment."

3

Fed.R.Civ.P. 55(b)(2).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, as follows with regard to entering a default judgment:

> (b) Entering a Default Judgment.
>
> * * *
>
> ***(2) By the Court.*** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

FED.R.CIV.P. 55(b)(2).

The Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (*per curiam*) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis omitted). Therefore, Plaintiff must establish a "prima facie liability case" against the defendant. Pitts ex rel. Pitts v. Seneca Sports, Inc., 321

4

F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).  Further, when assessing damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).  Overall, "there is a strong policy of determining cases on their merits" and therefore defaults are viewed "with disfavor."  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).  "Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."  Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982).  Finally, "allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999).

**III.   Discussion**

    **A.   Liability**

The Court is satisfied that Resurgence has notice of the default proceedings against it. Additionally, a Clerk's Rule 55(a) default was entered against Resurgence in accordance with Rule 55(a) for failure to plead, answer or otherwise defend this case.  Moreover, there is a sum certain *which can be made ascertainable* before the Court, from which a default judgment can be entered without a hearing.  Securities and Exchange Commission v. Smyth, 420 F.3d 1225, 1231-1232 (11th Cir. 2005) ("Judgment of default awarding cash damages could not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation) (internal quotes and citations omitted); Id. at n.13 (noting that an "evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary

hearings in a permissive tone....We have held that no such hearing is required where all essential evidence is already of record[]").

Further, as to the merits of Plaintiff's complaint, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law[]"). In considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment. Fidelity & Deposit Co. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988). The Court is satisfied that the well-pleaded allegations of the Complaint state a basis for relief as to the claims asserted and that there is a substantive, sufficient basis for the relief Plaintiff seeks.

Specifically, Plaintiff asserts a breach of guaranty claim against Resurgence, as Clarke's guarantor, for Clarke's failure to comply with the terms of the agreement. The agreement and Guaranty are governed by the laws of the State of Wisconsin. (Doc. 1-1 at 7 at Section 23(e); Doc. 1-8). Upon consideration of the evidence submitted by Plaintiff and the well-pleaded allegations of the Complaint, default judgment is due to be entered against Resurgence.

As set forth in Miller Brewing Intern., Inc. v. Importbeer Distribuidora de Bebidas LTDA, 2015 WL 2168879, *5 (E.D. Wis. May 8, 2015):

> "A guaranty is a contract," and "[t]he rules governing the construction of contracts apply." *Harris v. Metropolitan Mall,* 334 N.W.2d 519, 527 (Wis.1983). In order to enforce a guaranty, the plaintiff must "bring a breach of contract claim, which requires a showing of three elements: (1) the existence of a contract creating obligations flowing from defendant to plaintiff; (2) a breach of those obligations; and (3) damages from the breach." *FirstMerit Bank N.A. v. Koenig*, No. 13–CV–534, 2014 WL 2743190 at *4 (W.D. Wis. June 17, 2014) (internal citations omitted).

As to the elements for breach of guaranty, the Court finds that the well-pleaded allegations and evidence submitted establish: 1) the existence of a contract creating obligations flowing from Resurgence to Plaintiff (the Guaranty); 2) a breach of those obligations (Resurgence's failure to pay amounts due and owing under the Guaranty); and 3) damages from the breach (including non-payment of the amounts due under the Lease (and Guaranty), accruing interest, remarketing expenses (after repossession and resale of equipment) etc.). Specifically, the evidence shows execution of the Guaranty by Resurgence. The Guaranty explains Resurgence's principal obligation and terms of the Guaranty itself, including that it guaranteed payment without set-off or counterclaim and guaranteed payment of all losses, costs, reasonable attorneys' fees and expenses due to Clarke's default (or its own). Plaintiff relied on the Guaranty. The evidence indicates that Clarke defaulted under the Lease, which was guaranteed by Resurgence, due to its failure to pay the sums due and owing under the Lease. Upon Plaintiff's written demand for payment, Resurgence failed to pay the sums due and owing under the Guaranty. Moreover, Plaintiff's reliance on the Guaranty is expressed in the document itself. As such, upon consideration, the Court finds that Plaintiff is entitled to default judgment against Resurgence, for breach of the Guaranty, as a matter of Wisconsin law.

B.   **Damages**

Plaintiff requests entry of a default judgment against Resurgence in the amount of **$98,487.08** plus accruing interest. Upon review of the Guaranty, invoices, notices submitted, Affidavit and Declaration filed in support, the Court is satisfied that the amounts requested are due and owing to Plaintiff by Resurgence. As such, that portion of Plaintiff's motion for default judgment damages, addressing the breach of guaranty claim against Resurgence, is

**GRANTED in part** such that Plaintiff is awarded **$98,487.08.**   However, Plaintiff also seeks an *unspecified* amount of accrued late charges. As such, Plaintiff shall Supplement its motion, with the specific amount of accrued late charges sought, on or before **December 31, 2015.**

### C.   Attorneys' Fees & Costs/Expenses

While not specified in the motion, Plaintiff requests – via one sentence of the Affidavit of Litigation Coordinator Barnes -- **$11,787.00** in reasonable attorneys' fees and **$1,307.75** in costs/expenses.   (Doc. 33-1 (Aff. Barnes)).   The Court is unable to assess fees and costs/expenses at this juncture.   Plaintiff has not provided *any* supporting documentation regarding its request for attorneys' fees and costs/expenses, or referenced that portion of either the agreement or Guaranty which provide for recovery of same.   Plaintiff has not briefed the propriety for recovery of such fees and costs under Wisconsin law.   Likewise, Plaintiff has not provided any attorneys' billing records, invoices and/or itemized statements, complete information about all of the individuals who billed for legal services or their qualifications/years of experience, and/or whether the fees and costs were reasonably incurred under the relevant state's law (Wisconsin) governing such awards.   As such, Plaintiff shall Supplement its motion, with the requisite support for this request, on or before **December 31, 2015.**

### IV.   Conclusion

As such, it is **ORDERED** that Plaintiff's motion for default judgment against Resurgence is **GRANTED in part** insofar as default judgment is entered in its favor and against Resurgence as to the breach of guaranty claim in the amount of **$98,487.08**; and **RULING IS RESERVED in part** as to specific amount of accrued interest and the request for fees and costs/expenses.[2]

---

[2]   Plaintiff has filed a virtually identical motion for default judgment against Clarke County Healthcare, LLC, the lessee, seeking the very same amount as damages.   As provided in Moseley, Hallgarten, Estabrook &

Plaintiff is **ORDERED** to file, on or before **December 31, 2015**, a Supplement to its motion addressing the specific amount of accrued costs sought as well as attorneys' fees and costs/expenses, and further: 1) citing those specific provisions in the relevant agreements which provide for recovery of fees and costs/expenses, and assessing the propriety of recovery of same under Wisconsin law; and 2) attaching whatever materials it deems necessary and appropriate to support its claim for fees and costs/expenses in conjunction with Wisconsin law.

**DONE** and **ORDERED** this **10th** day of **December 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

Weeden, Inc. v. Ellis, 849 F.2d 264, 272 (7th Cir. 1988): "although [plaintiff] is now armed with two judgments [for the same loss]…the law is clear that [plaintiff] is entitled to but one satisfaction…when [plaintiff] executes on the judgment against [one party]…and collects…[plaintiff] will be precluded from a double recovery since [the other party]…could seek relief for the default judgment…under Rule 60(b)(5) Fed.R.Civ.Proc., allowing for relief where the judgment has been 'satisfied.'"  Put simply, Plaintiff may obtain two identical default judgments, one against Resurgence and one against Clarke, but Plaintiff may only recover one satisfaction.

Additionally, Plaintiff cannot recover the attorneys' fees and costs sought against Resurgence and then also recover that requested sum against Clarke, as such would be yet another double recovery.  As such, Plaintiff is **ORDERED** to specify and delineate in the December 31, 2015 Supplement, those fees and costs incurred relative to Resurgence, versus those incurred relative to Clarke.