IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEY BANK, NATIONAL ASSOCIATION, )<br>  Plaintiff, )<br>)<br>v. )<br>)<br>CLARKE COUNTY HEALTHCARE, LLC, )<br>*et al.*, )<br>  Defendants. ) | CIVIL ACTION 15-00151-KD-B |

ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Clarke County Healthcare, LLC (Doc. 34), Plaintiff's Supplement seeking an award of reasonable attorneys' fees and costs (Doc. 37), and the Supplemental Declaration (Doc. 42).

**I. Background**

On June 5, 2006, Resurgence Health Group, LLC (a Georgia LLC) (Resurgence) executed a Guaranty, covering a Master Lease Agreement (agreement) simultaneously executed between General Electric Capital Corporation (GE) and Clarke County Hospital (Clarke) for the lease of a Philips 16-slice CT Scanner with Bone Density Package and Medrad Injector (equipment). (Doc. 1-1; Doc. 34-1 (Aff. Barnes)[1]).   On August 16, 2006, the equipment was accepted by Clarke and certified as properly delivered and installed.   (Id.)

Pursuant to the agreement, Clarke agreed to make monthly payments of $9,538.92 for 60 months, starting on May 15, 2006.   (Doc. 1-1).   Additionally, GE could assign the Guaranty without the Guarantor's consent as well as proceed against the Guarantor by suit or otherwise collect monies due/guaranteed with or without notice/demand, with or without joinder of Clarke.   (Id.) On February 1, 2009, Clarke defaulted on the Agreement by failing to make payments as required

---

[1] Barnes is the Litigation Coordinator for Plaintiff.

and further failed to make payments as scheduled on January 1, 2010, May 1, 2010, June 1, 2010 and July 1, 2010.   (Doc. 1-4 at 2).

On July 27, 2010 GE assigned its interest in the agreement to Plaintiff.   (Doc. 34-1 (Aff. Barnes)).   On July 29, 2010, Plaintiff sent Clarke a Notice of Right to Cure Default by paying the amount due of $37,821.48 within 21 days, or all remaining payments would be accelerated and the process of repossession of the equipment may be initiated.   (Id.)   Plaintiff also informed Clarke that it would be responsible for any collection fee costs, repossession fees, costs and reasonable attorneys' fees/costs.   (Id.)   Clarke did not cure the default within the timeframe allotted.   On September 21, 2010, Plaintiff accelerated the debt, declared the agreement to be in default, and demanded $237,784.94 as due and owing within 10 days.   (Id.; Doc. 1-5).   Plaintiff then repossessed the equipment.   (Doc. 34-1 (Aff. Barnes)).   On April 8, 2011, Plaintiff sent Clarke notice of intent to sell the equipment it had repossessed, by private sale, notifying Clarke of a right to redeem via payment of $211,885.94 plus costs.   (Id.; Doc. 1-6).   Clarke did not exercise its right to redeem the equipment before it was sold.   (Doc. 34-1 (Aff. Barnes)).   On January 8, 2015, Plaintiff issued a Notice of Deficiency to Clarke, demanding payment of $98,487.08 within ten days (the amounts due after the equipment had been sold – an offset).   (Doc. 1-7).   Clarke made no payments.   (Doc. 34-1 (Aff. Barnes)).

Under the terms of the Guaranty associated with the agreement, Plaintiff (as GE's assignee) may proceed against the Guarantor – Resurgence – to collect the amounts due from Clarke.   (Doc. 34-1 (Aff. Barnes); Doc. 34-2).   As such, Plaintiff demanded payment of Clarke's debt as guaranteed by Resurgence; Resurgence refused to pay.   (Doc. 34-1 (Aff. Barnes)).   On March 20, 2015, Plaintiff sued Clarke for breach of contract (the agreement).   (Doc. 1).   Plaintiff seeks recovery of **$98,487.08** plus accruing interest.

Clarke was served on July 28, 2015 via service on Anne Thompson, its registered agent. (Docs. 31, 31-1). Plaintiff asserts that Clarke has failed to timely plead or otherwise defend. (Docs. 31-1 (Decltn. Fleming)). On August 24, 2015, Plaintiff requested entry of a Clerk's default against Clarke for its failure to plead or defend. (Doc. 31). On August 25, 2015, the Clerk entered a Rule 55(a) Default against Clarke. (Doc. 32). On September 11, 2015, Plaintiff moved for a default judgment against Clarke. (Doc. 33).

## II.   Default Judgment

On December 10, 2015, the Court entered a default judgment in favor of Plaintiff and against Clarke finding as follows, in relevant part (Doc. 36):

> The Court is satisfied that Clarke has notice of the default proceedings against it. Additionally, a Clerk's entry of default was issued against Clarke in accordance with Rule 55(a) for failure to plead, answer or otherwise defend this case. Moreover, there is a sum certain *which can be made ascertainable* before the Court, from which a default judgment can be entered without a hearing….Further, … [t]he Court is satisfied that the well-pleaded allegations of the Complaint state a basis for relief as to the claims asserted and that there is a substantive, sufficient basis for the relief Plaintiff seeks.
>
> Specifically, Plaintiff asserts a breach of contract claim against Clarke, for its failure to comply with the terms of the Lease (i.e. non-payment). The Lease is governed by the laws of the State of Wisconsin. (Doc. 1-1 at 7 at Section 23(e); Doc. 1-8). Upon consideration of the evidence submitted by Plaintiff and the well-pleaded allegations of the Complaint, default judgment is due to be entered against Clarke for breach of contract…..As to the elements for breach of contract, the Court finds that the well-pleaded allegations and evidence submitted establish: 1) the existence of a contract creating obligations flowing from Clarke to Plaintiff (the Lease); 2) a breach of those obligations (Clarke's failure to pay amounts due and owing under the Lease); and 3) damages from the breach (including non-payment of the amounts due under the Lease, accruing interest, remarketing expenses (after repossession and resale of equipment) etc.). Specifically, the evidence shows execution of the Lease by Clarke. The Lease explains, in definite terms, Clarke's principal obligation and terms of the Lease itself. Plaintiff relied on the Lease. The evidence indicates that Clarke defaulted under the Lease due to its failure to pay the sums due and owing under the Lease. Upon Plaintiff's written demand for payment, Clarke failed to pay the sums due and owing under the Lease. Moreover, Plaintiff's reliance on the Lease is expressed in the document itself. As such, upon consideration, the Court finds that Plaintiff is entitled to default judgment against Clarke, for breach of the Lease, as a matter of Wisconsin law.

\*\*\*

Plaintiff requests entry of a default judgment against Clarke in the amount of **$98,487.08** plus accruing interest.   Upon review of the Lease, invoices, notices submitted, Affidavit and Declaration filed in support, the Court is satisfied that the amounts requested are due and owing to Plaintiff by Clarke.   As such, that portion of Plaintiff's motion for default judgment damages, addressing the breach of contract claim against Clarke, is **GRANTED in part** such that Plaintiff is awarded **$98,487.08.**   However, Plaintiff also seeks an *unspecified* amount of accrued late charges.…The Court is unable to assess fees and costs/expenses at this juncture and thus is not presented with a "sum certain" from which to resolve the motion for default judgment.  Plaintiff has not provided *any* supporting documentation regarding its request for attorneys' fees and costs/expenses, or referenced that portion of either the Lease which provide for recovery of same.   Plaintiff has not briefed the propriety for recovery of such fees and costs under Wisconsin law.  Likewise, Plaintiff has not provided any attorneys' billing records, invoices and/or itemized statements, complete information about all of the individuals who billed for legal services or their qualifications/years of experience, and/or whether the fees and costs were reasonably incurred under the relevant state's law (Wisconsin) governing such awards.   As such, Plaintiff shall Supplement its motion, with the requisite support…. Plaintiff is **ORDERED** to file, on or before **December 31, 2015**, a Supplement to its motion addressing the specific amount of accrued costs sought as well as attorneys' fees and costs/expenses, and further: 1) citing those specific provisions in the relevant agreements which provide for recovery of fees and costs/expenses, and assessing the propriety of recovery of same under Wisconsin law; and 2) attaching whatever materials it deems necessary and appropriate to support its claim for fees and costs/expenses in conjunction with Wisconsin law…

\*\*\*

…Additionally, Plaintiff cannot recover the attorneys' fees and costs sought against Clarke and then also recover that same sum against Resurgence, as such would be yet another double recovery.   As such, Plaintiff is **ORDERED** to specify and delineate in the December 31, 2015 Supplement, those fees and costs incurred relative to Resurgence, versus those incurred relative to Clarke.

On December 31, 2015, Plaintiff submitted its Supplement but failed to differentiate between those fees and costs incurred for Clarke versus those incurred for Resurgence, as instructed.  (Doc. 37).   Instead, Plaintiff submitted fees and costs "jointly and severally" for both Clarke and Resurgence even though they are two (2) different defendants.   The Court was thus not able to assess the propriety of fees and costs for each distinct defendant and ordered Plaintiff to supplement its request in a matter which complies with the Court's prior instruction

and delineates those fees and costs for the attorney work associated with Clarke, from those for the attorney work associated with Resurgence.   (Doc. 39).   Plaintiff has now so supplemented.

### III.   Attorneys' Fees

Plaintiff requests – via the Affidavit of Litigation Coordinator Barnes and Declaration of Fleming (as Supplemented) -- **$5,747.90** in reasonable attorneys' fees and **$957.75** in costs/expenses for the work performed by attorneys and paralegals at the law firm of Wong Fleming.   (Doc. 34-1 (Aff. Barnes); Doc. 40 (Decltn. Fleming) (Supp)).

Plaintiff seeks recovery of attorneys' fees and costs pursuant to the contracts executed between it and Clarke.   Namely, the Master Lease Agreement, which Clarke signed, provides for the recovery of attorneys' fees and costs pursuant to Paragraph 10(d): "Lessee shall pay Lessor's actual attorneys' fees, agency fees, collection costs and expenses and any other costs and expenses incurred in connection with the enforcement, assertion, defense or preservation of Lessor's rights and remedies under this Agreement, or if prohibited by law, such lesser sum as may be permitted."   (Doc. 1-1 at 4).   The Agreement was formed pursuant to the laws of Wisconsin (Doc. 1-1 at 7 at Paragraph 23(e); Doc. 1-8), and under that State's law, contract clauses that unambiguously provide for pay attorneys' fees stemming from costs of collection, repossession, etc., are valid and enforceable.   See, e.g., Riverside Fin. Inc. v. Rogers, 2015 WL 4578903, *7 (Ct. App. Wis. Jul. 31, 2015).   Additionally, while the applicable contract provides for recovery of "actual attorneys' fees…[and] costs[,]" under Wisconsin law, such fees are reviewed by courts for reasonableness.   Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F.Supp.2d 274, 277-279 (E.D.N.Y. 2008) ("it appears that under Wisconsin law, although the…agreement provides for the recovery of actual attorneys' fees, such fees are also reviewed

5

by the Court for reasonableness[]").   Courts have found an implicit requirement that attorneys' fees awarded must be reasonable, regardless of what the pertinent contractual clause says. Baylake Bank v. Village of Hobart, 2009 WL 151497, *1 (E.D. Wis. Jan. 21, 2009) ("[i]t seems clear that even a contract awarding 'actual' fees must in some way recognize that the fees incurred must reasonably be necessary to the litigation in question[]").   Thus, even when a contract states "actual fees/costs," Wisconsin requires a reasonableness inquiry.

The starting point for any award of attorney fees by a federal court is the calculation of the "lodestar."   Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).   Wisconsin courts follow the same lodestar analysis.   Kolupar v. Wilde Pontiac Cadillac, Inc., 2004 WI 112 (Wis. 2004) (adopting Hensley).   As set forth in Wisconsin Compressed Air Corp. v. Gardner Denver, Inc., 2008 WL 4379227, *2 (W.D. Wis. Sept. 22, 2008):

> The lodestar figure represents "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. at 433. Determination of the number of hours reasonably expended and the reasonable hourly rate is a matter within the district court's sound discretion. *Gekas v. Attorney Registration and Disciplinary Commission of Supreme Court of Illinois,* 793 F.2d 846 (7th Cir.1986); *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir.1986)("district court's calculation is anything but an arithmetical exercise").
>
> Once the court calculates the lodestar, it may make appropriate adjustments to increase or decrease the award in light of a number of considerations, including "the amount involved and the results obtained." *Lynch v. City of Milwaukee*, 747 F.2d 423, 426 (7th Cir.1984)(citing *Hensley*, 461 U.S. at 429-30 n. 3); *see also Spellan v. Board of Education for District 11*, 59 F.3d 642, 645 (7th Cir.1995). The court may consider this factor in making the initial lodestar calculation or in determining whether to modify the lodestar figure. *Lynch*, 747 F.2d at 426.

Moreover, "[o]nce a trial court makes the lodestar assessment it may adjust that number up or down to account for matters beyond those already encompassed by the lodestar analysis….The factors the court may consider include those set forth in Wisconsin Supreme Court Rule

6

20:1.5(a)… The court's ultimate goal is to "determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order…." James Michael Leasing Co., LLC v. Paccar Inc., 2013 WL 5771156 (E.D. Wis. Oct. 24, 2013).  Wisconsin Supreme Court Rule 20:1.5 provides as follows, with regard to reasonableness of fees:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

**A.     Reasonable Rate**

The rates requested by Plaintiff include rates for associates (from $210.00/hour to $235.00/hour) as well as paralegals ($100/hour) expended, for a total of 28.49 hours litigating this case against Defendant Clarke.  (Doc. 40 at 4-5 (Decltn. Fleming (Supp.)).  Specifically, Plaintiff seeks $235/hour for 1.6 hours incurred by Senior Associate Clement (19 years experience); $210/hour for 24.39 hours incurred by Associate Jefferson (10 years experience); and $100/hour for 2.5 hours incurred by Paralegals Oliveri and O'Brien (no information as to years of experience).   (Id.)

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals.  Am. Civil Liberties Union of Ga. v. Barnes,

7

168 F.3d 423, 427 (11th Cir. 1999).  The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman v. Housing Auth. of City of Montg., 836 F.2d 1292, 1299 (11th Cir. 1988).   In this case, the relevant legal community is that of Mobile, Alabama.  Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed[]") (citation omitted)).   However, Plaintiff's revised fee application fails to provide evidence addressing the fundamental question of whether the hourly rates charged by its attorneys are reasonable in the Mobile market.  Neither of Fleming's Declarations attest to his familiarity with the customary rates charged by the Mobile legal community; rather, the Declarations state that Fleming is "[t[he fees for the services provided by Wong Fleming are reasonable and consistent with the fees customarily charged in Wisconsin for similar legal services."  (Doc. 40 at 4 (Decltn. Fleming at ¶15) (Supp.)).  Nevertheless, this Court, which is familiar with the prevailing rates in the local market (Mobile, Alabama), may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested fees.  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

     1.     **Senior Associate & Associate**

Regarding the requested rates of $235/hour for Senior Associate Clement and $210/hour for Associate Jefferson, the Court finds as follows.

Given the experience of Senior Associate Clement (19 years of practice), the Court finds that the requested $235/hour is a reasonable rate.  See, e.g., Dempsey v. Palisades Collection, Inc., 2010 WL 923473,*3 (S.D. Ala. Mar. 11, 2010) (awarding $250/hour to an attorney with

over 19 years of experience); Wells Fargo Bank, N.A. v. Friday Const. Co., Inc., 2012 WL 5381558, *5 (S.D. Ala. Oct. 31, 2012) (awarding $225/hour to an attorney with 10 years of experience); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Jan. 3, 2011) (same).   Plaintiff seeks to recover 1.6 hours of work by Clement as to Defendant Clarke. Thus, as to Senior Associate Clement, with 19 years of experience, the Court finds that an award of **$235/hour** totaling **$376.00** for **1.6 hours** of work, is appropriate.

With regard to Associate Jefferson (10 years of practice), the Court finds that the requested $210/hour is a reasonable rate.   See, e.g., Wells Fargo Bank, 2012 WL 5381558, *5 (awarding $225/hour to an attorney with 10 years of experience).   Plaintiff seeks 24.39 hours of work by Jefferson.   A review of the record however reveals 26.10 hours billed by Jefferson as to Clarke.   Thus, as to Associate Jefferson, the Court finds that an award of **$210/hour** totaling **$5,481.00** for **26.10 hours** of work, is appropriate.

   2.    **Paralegals**

Plaintiff seeks recovery of fees for 2.5 hours of collective work of two (2) paralegals Oliveri and O'Brien (with unknown years of experience) at the rate of $100/hour.   In this market, this Court regularly approves rates of $75/hour for paralegals.   See, e.g., SE Property Holdings, LLC v. Green, 2013 WL 790902, *6 (S.D. Ala. Mar. 1, 2013); Zuffa, LLC v. Al–Shaikh, 2011 WL 1539878, at *9 (S.D. Ala. Apr. 21, 2011); Williamson, 2011 WL 382799 at *5; Adams v. Austal, U.S.A., L.L.C., 2009 WL 3261955, *2 (S.D. Ala. Oct. 7, 2009); Lanier Construction Inc. v. Carbone Properties of Mobile, LLC, CV 06–0070–CB–B (S.D. Ala. Feb. 12, 2008).   The Court finds that an award at the hourly rate of **$75/hour** for work performed by these two (2) paralegals (1 hour for Oliveri and 1.5 hours for O'Brien) for **2.5 hours** for a total of

**$187.50**, is appropriate.

**B.      Reasonable Hours**

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, *i.e.*, hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).   While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 574 (1986), the Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request.   "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988.... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. (citation omitted). In sum, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. Courts are not authorized to be generous with the money of others." Barnes, 168 F.3d at 428.

Plaintiff's counsel's billing records indicate that the individuals working on this case billed a total of 30.20 hours from January-September 2015.   As noted *supra*, counsel also set

forth each billing individual's hourly rate indicating counsel's respective years of experience. (Doc. 40 at 4-5 (Decltn. Fleming) (Supp.)).   Counsel for Plaintiff asserts further, that the time expended in this case was reasonable.   (Doc. 40 (Decltn. Fleming)).   As such, the Court finds that the **30.20 hours** billed by Jefferson, Clement, Oliveri and O'Brien are reasonable and recoverable time.

C.    Lodestar

As noted *supra*, the lodestar represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, which is a matter of the Court's sound discretion.   Hensley, 461 U.S. at 433.   Upon consideration of the applicable Master Lease and Guaranty, the attorneys' fees and costs motions (with supporting Affidavit and Declarations) and Wisconsin Supreme Court Rule 20:1.5, the Court finds that there is no need to reduce the attorneys' fees requested.   Thus, the lodestar is calculated as **30.20 hours** billed at the rates of $235/hour (Senior Associate), $210/hour (Associate), and $75/hour (Paralegals), as detailed herein, for a total of **$5,857.00** in attorneys' fees.

IV.    Costs

Plaintiff seeks to recover **$957.75** in costs against Defendant Clarke, comprised of one-half of the complaint filing fee ($200.00) and $757.75 for process server fees (many attempts to serve from March 25-August 7, 2015).   (Doc. 40 at 6 (Decltn. Fleming (Supp.)); Doc. 40-1 at 20).   Based on the terms of the Master Lease Agreement, Clarke is responsible for payment of costs, and along with the Affidavit and Declaration, the Court finds that Plaintiff is entitled to recover the costs requested. See, e.g., Peppertree Apts., 631 So.2d at 878 (providing that "[t]he intention of the parties controls when a court construes the terms of a promissory note,

11

and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous[]"). Moreover, the Affidavit and Declaration attest that the costs incurred are reasonable for the services rendered in this matter. (Doc. 34-1 (Aff. Barnes); Doc. 40 (Decltn. Fleming) (Supp.)). Accordingly, Plaintiff's request of **$957.75** for costs reasonably incurred in this case, is **GRANTED.**

**V.    Conclusion**

Accordingly, it is **ORDERED** that Plaintiff's motion for default judgment against Clarke County Healthcare, LLC is **GRANTED in part** and **DENIED in part** as follows: 1) **GRANTED** as to its claim for breach of the Master Lease Agreement and 2) **GRANTED in part** and **DENIED in part** as to its request for attorneys' fees and costs as detailed herein.

Thus, it is **ORDERED** that a **DEFAULT JUDGMENT** is hereby entered in favor of Plaintiff and against Clarke County Healthcare, LLC for its breach of the Master Lease Agreement, in the amount of **$105,301.83** (comprised of **$98,487.08** (the amounts due and owing under the Guaranty's terms),[2] **$5,857.00** in attorneys' fees, and **$957.75** in costs).[3]

The Clerk is **DIRECTED** to provide a copy of this Order, via certified mail, to Defendant Clarke County Healthcare, LLC, c/o 2916 Mountain Brook Parkway, Birmingham, AL, 35223 (the address where service was previously accomplished).

**DONE** and **ORDERED** this **21st** day of **January 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

2 Due by defendants jointly and severally as between Clarke and Resurgence (i.e., Plaintiff cannot recover $98,487.08 from Clarke and also recover another $98,487.08 from Resurgence).

3  It appears that Plaintiff has abandoned its prior request for "late charges."

12